NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRI FIRRELLO, | |
| Plaintiff, | Civil Action No. 13-cv-2277 (JAP) |
| v. | **OPINION** |
| MACY'S INC., ITS EMPLOYEES, OFFICERS, REPRESENTATIVES, DIVISIONS AND SUBSIDIARIES, | |
| Defendants. | |

PISANO, District Judge

Presently before the Court is Defendant, Macy's Inc.'s ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #7]. Plaintiff, Terri Firrello ("Plaintiff"), opposes this motion [docket #8]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #7].

**I. BACKGROUND**

Plaintiff's Complaint, received by the Court on April 10, 2013, consists of five (5) causes of action[1] pursuant to Title VII of the Civil Rights Act, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income

---

[1] Plaintiff's Complaint does not contain a Count Three, but contains Counts One, Two, Four, Five, and Six. The Court will address Plaintiff's Counts as numbered in the Complaint.

1

Security Act of 1974 ("ERISA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Family and Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), the New Jersey Law Against Discrimination ("NJLAD"), or "any public policy, contract, tort, or common law." Compl., Count Six ¶ 2. The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff was hired by Defendant on or about November 15, 1992, as a part-time night sales associate in Defendant's Bridgewater, New Jersey location. Compl., Count One ¶ 3. Throughout her employment, Plaintiff was promoted and ultimately became sales manager of cosmetics. Compl., Count One ¶ 3. On or about February 5, 2012, Plaintiff resigned from her employment with Defendant. Compl., Count One ¶ 4. Plaintiff alleges that she was treated unfairly in relation to other similarly situated employees, such as having to work more nights and weekends than others. Plaintiff further states that she was forced to resign due in part to her age[2] and as retaliation for expressing concerns over Defendant's business practices[3]. Compl., Count One ¶¶ 4 and 8. Plaintiff claims that the State of New Jersey Unemployment Agency's decision, which entitled Plaintiff to unemployment benefits, is proof of forced termination. Compl., Count One ¶ 5.

Counts One, Two, Four and Five of Plaintiff's Complaint contain similar factual allegations relating to Defendant's alleged adverse employment action, retaliation, defamation, and intent to defraud Plaintiff. None of these Counts contain citations to any law or statute.

---

[2] Plaintiff is over the age of fifty (50) and was replaced by an individual under the age of forty (40). Compl., Count One ¶ 6.
[3] Specifically, Plaintiff claims that she was wrongfully retaliated against for performing her job and was publicly defamed because Plaintiff disclosed and objected to Defendant's actions that she reasonably believed to be illegal or in violation of public policy. Compl., Count One ¶¶ 9-10.

Conversely, Count Six contains no additional factual allegations but states that Defendant's actions constitute a violation of the statutes and law(s) referenced above.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether

they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

    **b.**    **Analysis**

As stated above, Counts One through Five of Plaintiff's Complaint state facts without identifying any statute or law to support Plaintiff's grounds for relief. Count Six of Plaintiff's Complaint repeats and realleges all of the facts from Counts One through Five, and then lists ten (10) possible grounds for relief. This Court assumes that Plaintiff intended the grounds for relief listed in Count Six to support the factual allegations of Counts One through Five. For the sake of brevity, this Court will address each ground for relief listed in Count Six and utilize the facts set forth in all Counts.[4]

    ***i.***    ***Title VII of the Civil Rights Act of 1964 and The Civil Rights Act of 1991***[5]

"[U]sually '[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim ... for conciliation or resolution.'" *Green v. Potter*, 687 F. Supp. 2d 502, 516 (D.N.J. 2009) (citing *Hornsby v. United States Postal Service,* 787 F.2d 87, 90 (3d Cir.1986)). "Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit." *Cortes v. Univ. of Med. & Dentistry of New Jersey*, 391 F. Supp. 2d 298, 309 (D.N.J. 2005).

Prior to bringing a claim for relief in federal court pursuant to Title VII, a plaintiff "must file a charge [with the Equal Employment Opportunity Commission "EEOC"] within the

---

[4] Should Plaintiff decide to file an amended complaint, this Court urges Plaintiff to review the pleading requirements and properly identify its grounds for relief in separate Counts.
[5] Plaintiff's Complaint alleges a cause of action pursuant to "Title VII of the Civil Rights Act of 1964, as amended." Title VII was amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. Accordingly, this Court will construe Plaintiff's claim pursuant to the Civil Rights Act of 1991 and Title VII as one and the same.

statutory time period and serve notice upon the person against whom the charge is made." *Id.* Further, New Jersey is a "deferral state" and any complaints received by the EEOC that arise in New Jersey should be referred to the New Jersey Division on Civil Rights ("DCR"). *Id.* at 310. Due to the existence of this deferral agency, any complaints received by the EEOC within 300 days of the alleged violation will be timely. *Id.* Importantly, however, the fact that the DCR may ultimately hear a complaint does not obviate the requirement to first file with the EEOC.

Here, Plaintiff claims that because the EEOC and the DCR have a work-sharing agreement, there is no need to file a claim with both prior to bringing a suit in federal court. However, as stated above, a Plaintiff who brings a Title VII claim in federal court must file a charge with the EEOC within 300 days of the alleged violation, and it is the EEOC which determines whether it is referred to the DCR. Further, despite Plaintiff's claim that she need not file with both the EEOC and the DCR, Plaintiff fails to allege that she filed a claim with either entity. Thus, it is clear to this Court that Plaintiff failed to comply with the prerequisites of 42 U.S.C. § 2000e–5 and accordingly, Plaintiff's Title VII claim is DISMISSED without prejudice.

### ii. *Sections 1981 through 1988 of Title 42 of the United States Code*[6]

§ 1981 provides that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981. The Third Circuit has held that the statute, on its face, "is limited to issues of racial discrimination in

---

[6] Plaintiff's opposition papers withdraw its claims pursuant to 42 U.S.C. §§ 1984-1988 and therefore, this Court need not consider Defendant's arguments with respect to such sections. However, Plaintiff maintains her claims pursuant to 42 U.S.C. §§ 1981, 1982, and 1983.

the making and enforcing of contracts . . ." *Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999). Further, § 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Thus, "[t]o prevail on a § 1982 claim a plaintiff must demonstrate an intent to discriminate based on race." *Carrington v. City of Jersey City*, 2008 WL, at *-- 2061147 (D.N.J. May 12, 2008) (internal quotation marks omitted).

Here, Plaintiff has not made any allegations regarding racial discrimination. Plaintiff's Complaint contains allegations relating to gender and/or age discrimination; however, such types of discrimination may not support claims under §§ 1981 and 1982. Further, Plaintiff's opposition brief merely states that "42 U.S.C. Sections 1981 and 1982, do not preclude such rights to white citizens as Defendants infer and therefore this allegation does not fail as a matter of law." *See Plaintiff's Opposition Brief*, p. 6. This Court need not address whether §§ 1981 and 1982 apply to white citizens because Plaintiff has still failed to allege any racial discrimination by Defendant. Accordingly, Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1982 are DISMISSED, without prejudice.

Moreover, 42 U.S.C. § 1983 "imposes civil liability upon any person, who acting under the color of state law, deprives another individual of any rights, privileges or immunities secured by the Constitution or laws of the United States." *White v. Williams*, 179 F. Supp. 2d 405, 417 (D.N.J. 2002). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (*citing Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979)). For a § 1983 claim to survive a motion to

dismiss, the plaintiff must plead that: "'(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under the color of state or territorial law.'" *Id.* (*quoting Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995). Here, Plaintiff has failed to plead that Defendant has deprived her of a federal constitutional right and/or that Defendant was acting under the color of state law. Accordingly, Plaintiff's 42 U.S.C. § 1983 claim is DISMISSED, without prejudice.

### iii. *The Employee Retirement Income Security Act of 1974*

"Except in limited circumstances, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.,* 76 F. Supp. 2d 558, 561 (D.N.J. 1999). In appropriate cases, there exists an exception to the exhaustion requirement whereby a plaintiff can show that exhausting his or her administrative remedies would be futile. *Id.* "However, in the Third Circuit, proof of futility is a very high threshold for a plaintiff to meet. 'In order to merit waiver of the exhaustion requirement a claimant must provide not merely bare allegations of futility, but a clear and positive showing of futility.'" *Id.* (*quoting Canale v. Yegen*, 782 F. Supp. 963, 971 *on reargument*, 789 F. Supp. 147 (D.N.J. 1992)).

Here, Plaintiff merely alleges that her termination was premature which impacted her pension and social security rights; therefore, Plaintiff claims that, because of this, she has stated a claim for relief pursuant to ERISA. Plaintiff has not stated what type of plan she has, nor if she exhausted any remedies available under such plan. Further, Plaintiff has failed to make a clear and positive showing that such exhaustion would be futile. Accordingly, Plaintiff's ERISA claim is DISMISSED without prejudice.

### iv. *The Age Discrimination in Employment Act of 1967*

29 U.S.C. § 626(d)(1) states that "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." The only allegation which Plaintiff makes with regard to her ADEA claim is that she is over the age of fifty (50) and was replaced by someone under the age of forty (40). Plaintiff does not allege that she met the prerequisites of 29 U.S.C. § 626(d)(1). Accordingly, Plaintiff's ADEA claim is DISMISSED without prejudice.

### v.    *The Family and Medical Leave Act*

Plaintiff's opposition papers withdraw its claim pursuant to the FMLA and therefore, Defendant's motion to dismiss Plaintiff's FMLA claim is moot.

### vi.    *The Fair Labor Standards Act*

Plaintiff alleges that she was forced to endure an "unduly harsh work schedule as opposed to others in similar [sic] position." *See Plaintiff's Opposition Brief*, at p. 7. "'To state a claim under the FLSA for minimum wage and overtime compensation, [a] plaintiff[] must allege: (1) they are employees of the defendant; (2) that their work [or their business's work] involved some kind of interstate activity [;] and (3) the approximate number of hours worked for which they did not receive these wages.'" *Barrios v. Suburban Disposal, Inc.*, 2013 WL 1504489, at *-- (D.N.J. Apr. 10, 2013). Plaintiff's motion papers and Complaint do not allege any facts indicating that Plaintiff was not compensated at least minimum wage, whether she was entitled to overtime pay, or whether she ever received overtime pay. Plaintiff further fails to allege the approximate number of hours she worked for which she did not receive these wages. Plaintiff's general allegation that she endured a harsh works schedule hardly pleads a plausible right to relief under the FLSA. Accordingly, Plaintiff's FLSA claim is DISMISSED, without prejudice.

### vii.    *The Equal Pay Act*

"[U]nder the Equal Pay Act, a plaintiff must show that employees of the opposite sex were paid differently for performing equal work[.]" *Delprato v. Day Chevrolet Inc.*, 427 F. App'x 86, 88 (3d Cir. 2011). Here, Plaintiff does not allege that any of her male counterparts were paid differently than her. Plaintiff's Complaint fails to make any allegations whatsoever relating to compensation and/or male colleagues. Rather, Plaintiff generally states that she was the only female sales manager at Defendant's Bridgewater, New Jersey location and was subject to unduly harsh working conditions. Compl., Count One ¶ 6. This claim does not state a plausible right to relief and accordingly, Plaintiff's Equal Pay Act claim is DISMISSED without prejudice.

### viii. The New Jersey Law Against Discrimination

Plaintiff's Complaint alleges that the adverse employment actions taken against her were the result of discriminatory acts by Defendant in violation of the New Jersey Law Against Discrimination ("NJLAD"). However, Plaintiff is not specific as to *how* Defendant was discriminatory against her. Given that Plaintiff made general allegations of retaliation as well as age discrimination, this Court will address both.[7]

The retaliation provision of the NJLAD states that it is an unlawful employment practice for "any person to take reprisals against any person because he has opposed any practices or acts forbidden under this act or because he has filed a complaint...." *N.J.S.A.* 10:5-12(d). To state a claim for retaliation under the NJLAD, a plaintiff must show that: "(1) he or she engaged in protected conduct known to the defendant; (2) he or she was subjected to an adverse employment decision; and (3) there was a "causal link" between the protected activity and the adverse decision." *Marrero v. Camden Cnty. Bd. of Soc. Servs.*, 164 F. Supp. 2d 455, 472-73 (D.N.J.

---

[7] To the extent that Plaintiff's NJLAD claim is not based on retaliation or age discrimination, Plaintiff's NJLAD claim is still DISMISSED without prejudice for failing to meet the pleading requirements of Rule 8(a)(2).

2001) (*citing Shepherd v. Hunterdon Developmental Center,* 336 N.J.Super. 395, 765 A.2d 217 (2001); *Romano v. Brown & Williamson Tobacco Corp.,* 284 N.J.Super. 543, 665 A.2d 1139 (1995)). Here, Plaintiff's Complaint alleges that she was retaliated against for expressing concerns to Defendant regarding its business practices. Compl., Count One ¶ 8. However, Plaintiff does not allege what these business practices were and/or whether expressing her concerns regarding such practices is protected conduct. Further, even if Plaintiff's complaints were protected conduct, Plaintiff has failed to establish a causal link between this activity and her resignation from employment with Defendant.

In order to prove age discrimination under the NJLAD, a plaintiff must show that age "'played a role in the decision making process and that it had a determinative influence on the outcome of that process.'" *Swider v. Ha-Lo Indus., Inc.*, 134 F. Supp. 2d 607, 621 (D.N.J. 2001) (*quoting Maiorino v. Schering–Plough Corp.,* 302 N.J.Super. 323, 344, 695 A.2d 353 (App.Div.), *certif. denied,* 152 N.J. 189 (1997)). Further, a plaintiff must establish, by a preponderance of the evidence, a *prima facie* case of age discrimination by showing "(1) that he is a member of a class protected by the anti-discrimination law; (2) that he was performing his job at a level that met his employer's legitimate expectations; (3) that he was discharged; and (4) that he was replaced by someone sufficiently younger to give rise to an inference of unlawful age discrimination." *Id.* Here, Plaintiff alleges that she is a member of a class protected by the anti-discrimination law and that she was replaced by someone sufficiently younger. However, Plaintiff fails to show by a preponderance of the evidence that she was performing her job at a level that met her employer's legitimate expectations or that she was discharged. Plaintiff has further failed to show that her age played a role in any decision making process or that it had a determinative influence on the outcome of such process.

For the reasons stated, Plaintiff has failed to state a claim for relief pursuant to the NJLAD as she has not demonstrated that Defendant retaliated against her and/or discriminated against her based on her age. Accordingly, Plaintiff's NJLAD claim is DISMISSED without prejudice.

### ix. *Any Public Policy, Contract, Tort, or Common Law*

Count Six of Plaintiff's Complaint contains a general allegation that Defendant violated "any public policy, contract, tort, or common law." Compl., Count Six ¶ 2. Plaintiff does not plead a short plain statement of these claims, nor does she make any allegations to give the Defendant notice of what public policy, contract, tort, or common law was allegedly violated. This general conclusory allegation in Plaintiff's Complaint does not meet the requirements of Rule 8(a)(2) as described above and therefore, is DISMISSED without prejudice.

#### a. *Fraud*[8]

Rule 9(b) contains a heightened pleading standard and requires that where a plaintiff alleges fraud, he or she must state with particularity the fraudulent circumstances. Fed. R. Civ. P. 9(b). Pursuant to this standard, "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (*quoting Lum v. Bank of America,* 361 F.3d 217, 223–224 (3d Cir.2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

---

[8] Plaintiff's Complaint contains a statement that Defendant intended to "defraud" her. Plaintiff's Complaint does not contain a specific cause of action for fraud; however, does state a claim under the "common law." Thus, for the sake of completeness, this Court will address the fact that Defendant intended to defraud Plaintiff as a claim for common law fraud.

The Court agrees with Defendant that Plaintiff has not met the heightened pleading standard of Rule 9(b). Plaintiff does not state with particularity the circumstances of the alleged fraud or otherwise inject the requisite precisions into her allegations. In her Complaint, Plaintiff merely states that Defendant intended to defraud her. Compl., Count Five, ¶ 2. This broad statement does not disclose the date, time or place of the alleged fraud, and certainly does not put Defendant on notice of the "precise misconduct with which it is charged." Accordingly, Plaintiff's claim for fraud is DISMISSED, without prejudice.

### b. *Defamation*[9]

"To state a claim for defamation under New Jersey law, a plaintiff must show, in addition to damages, '(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting to at least negligence by the publisher.'" *Edelman v. Croonquist*, 2010 WL, at *-- 1816180 (D.N.J. May 4, 2010) (*quoting Edwards v. Ocwen Fed. Bank, FSB,* No. 08–317, 2010 WL 398902, at *6 (D.N.J. Jan.25, 2010)).

Plaintiff's Complaint appears to allege that Defendant's adverse employment action defamed Plaintiff. Specifically, Plaintiff states that "Defendant took improper adverse employment actions against Plaintiff and thereby publicly defamed Plaintiff because Plaintiff disclosed and objected to Defendant's actions that Plaintiff reasonably believed to be illegal or in violation of public policy." Compl., Count One ¶ 10; Count Two, ¶ 4. Plaintiff further alleges that retaliatory acts of Defendant defamed her. Count Two of Plaintiff's Complaint states that "Prior to this retaliatory act there had been no communications to Plaintiff regarding any issues

---

[9] Plaintiff's Complaint contains a statement that Defendant defamed her. Plaintiff's Complaint does not contain a specific cause of action for defamation; however, does state a claim under the "common law." Thus, for the sake of completeness, this Court will address the fact that Defendant defamed Plaintiff as a claim for common law defamation.

with her performance. Plaintiff, was long known for having a strong reputation for diligence and high ethical standards, was not singled out and thereby publicly defamed and humiliated and her professional reputation permanently tarnished without any cause or justification." Compl., Count Two ¶ 3.

Plaintiff has failed to allege what statements, if any, were made about her, and further, whether such statements were false. Plaintiff's Complaint contains conclusory allegations that she was defamed and also fails to allege *how* she was defamed. Moreover, Plaintiff has failed to allege that any of these statements were repeated or published to a third party other than Defendant. Accordingly, Plaintiff has failed to plead a claim for defamation and it is therefore DISMISSED without prejudice.

## III. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion to dismiss in its entirety [docket #7] and dismisses Plaintiff's Complaint [docket #1] without prejudice. An appropriate Order accompanies this Opinion.

Date: October 23, 2013　　　　　　　　　　　　　　　/s/ Joel A. Pisano　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　JOEL A. PISANO
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge